UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mia Christman, | Case No.: 2:23-cv-01695-GMN-BNW |
| Petitioner, | **Order** |
| v. | |
| State of Nevada, et al., | |
| Respondents. | |

*Pro se* Petitioner Mia Christman filed this 28 U.S.C. § 2254 petition for writ of habeas corpus challenging her state conviction. ECF No. 1.  This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Application to Proceed *In Forma Pauperis* ("IFP" (ECF No. 3)).  For the reasons discussed below, the Court orders Petitioner to show cause in writing why this action should not be dismissed and defers consideration of her IFP application.

I. **Background**[2]

Petitioner pled guilty to robbery with use of a deadly weapon and stop required on signal of police officer. *See State of Nevada v. Christman*, Case No. C-13-287140-2.  The state court entered the judgment of conviction in July 2017.  The Nevada Court of appeals affirmed.  Petitioner filed a state post-conviction habeas petition in June 2019, which the state court granted

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The procedural history in this section is derived from Petitioner's allegations as well as her criminal matters in the Eighth Judicial District Court for Clark County.  The Court takes judicial notice of the online docket records of the state district court and Nevada appellate courts, which may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

finding ineffective assistance of counsel at sentencing. S*ee Christman v. Neven*, Case No. A-19-797445-W. The Nevada Supreme Court, however, reversed and remanded on appeal finding that the state district court erred.

On remand, the state court scheduled a second evidentiary hearing so that Petitioner could present evidence to support findings that the state appellate court concluded were not supported by the record. The State filed a petition for writ of mandamus, which the Nevada Supreme Court granted directing the state district court to vacate its evidentiary hearing and enter judgment in favor of the State of Nevada.

## II. Discussion

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

In order to obtain habeas relief under Section 2254, the petitioner must demonstrate that she is "in custody." 28 U.S.C. 2254(a). A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010).

Furthermore, a petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior

finding ineffective assistance of counsel at sentencing. S*ee Christman v. Neven*, Case No. A-19-797445-W. The Nevada Supreme Court, however, reversed and remanded on appeal finding that the state district court erred.

On remand, the state court scheduled a second evidentiary hearing so that Petitioner could present evidence to support findings that the state appellate court concluded were not supported by the record. The State filed a petition for writ of mandamus, which the Nevada Supreme Court granted directing the state district court to vacate its evidentiary hearing and enter judgment in favor of the State of Nevada.

## II. Discussion

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

In order to obtain habeas relief under Section 2254, the petitioner must demonstrate that she is "in custody." 28 U.S.C. 2254(a). A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010).

Furthermore, a petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior

conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. *Maleng*, 490 U.S. at 492. Even though there may be some limited circumstances under which a petitioner could attack a fully expired conviction if that conviction was used to enhance a new sentence, such attack would not properly be raised in a habeas petition challenging solely the expired conviction, which is what petitioner appears to do here. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Dubrin v. People of California*, 720 F.3d 1095, 1099 (9th Cir. 2013).

Here, although Petitioner provides that she is incarcerated in her IFP application, an examination of the records of the relevant state courts in this case and a search using the inmate locator tool on the Nevada Department of Corrections' website[3] verify that Petitioner is not in custody. Accordingly, if Petitioner was in fact not in custody when she filed her federal petition as contemplated by 28 U.S.C. § 2254[4], the Court lacks jurisdiction to grant her habeas relief.

Petitioner must show cause in writing within 45 days of the date of entry of this order why this action should not be dismissed for lack of jurisdiction based on Petitioner's inability to demonstrate that she is in custody.

### III.    Conclusion

IT IS THEREFORE ORDERED that consideration of Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 3) is deferred.

It is further ordered that that Petitioner must show cause in writing within 45 days of the date of entry of this order why this action should not be dismissed for lack of jurisdiction based

---

[3] The inmate locator tool may be accessed by the public online at: https://ofdsearch.doc.nv.gov/.

[4] A claim is cognizable under Section 2254 only if it falls within the "core" of habeas. *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016). If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id.*

on Petitioner's inability to demonstrate that she is in custody.  If Petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further notice. If Petitioner responds but fails to show specific, detailed, and competent evidence why the petition should not be dismissed, the action will be dismissed with prejudice.

DATED: November 22, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE