# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Mia Christman, | Case No.: 2:23-cv-01695-GMN-BNW |
| Petitioner, | **Order** |
| v. | |
| State of Nevada, et al., | |
| Respondents. | |

*Pro se* Petitioner Mia Christman filed this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging her state conviction. ECF No. 1.  Before the Court is Christman's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 3), her Motion for Appointment of Counsel (ECF No. 3-1), and her Response to the Court's Order to Show Cause (ECF No. 5).

## I.    Background

Christman pled guilty to Robbery with Use of a Deadly Weapon and Stop Required on Signal of Police Officer. *See State of Nevada v. Christman*, Case No. C-13-287140-2.  The state court entered the judgment of conviction in July 2017 and sentenced Christman to 10 to 40 years. The Nevada Court of Appeals affirmed.  Christman filed a state post-conviction Habeas Petition in June 2019, which the state court granted finding ineffective assistance of counsel at sentencing. S*ee Christman v. Neven*, Case No. A-19-797445-W.  The Nevada Supreme Court, however, reversed and remanded on appeal finding that the state district court erred.

On remand, the state court scheduled a second evidentiary hearing so that Christman could present evidence that the state appellate court's findings were not supported by the record.

The State filed a Petition for Writ of Mandamus, which the Nevada Supreme Court granted directing the state district court to vacate its evidentiary hearing and enter judgment in favor of the State of Nevada.

## II.   Discussion

### a.  IFP Application

The Court has considered Christman's IFP application and concludes that she cannot pay the filing fee.  The IFP application will therefore be granted.

### b.  Response to Order to Show Cause and Appointment of Counsel

The Court ordered Christman to show cause why this action should not be dismissed for lack of jurisdiction based on Christman's inability to demonstrate that she is in custody. ECF No. 4.  In response, Christman asserts that she will return to prison to serve the remainder of her sentence because the Nevada Supreme Court granted a Writ of Mandamus, entering judgment in favor of the State of Nevada. ECF No. 5.  The Court finds that the issues in this matter, including jurisdiction, would benefit from further briefing.

In addition, the Court finds that appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure, and the complexity of potential claims. Although Christman is not currently in custody, she asserts that she will be required to return to prison based on the Nevada Supreme Court's ruling granting a Writ of Mandamus.  Given the myriad of potential procedural obstacles Christman's situation presents, request for appointment of counsel accordingly is granted.

## III.   Conclusion

IT IS THEREFORE ORDERED that Petitioner Mia Christman's Application to Proceed *In Forma Pauperis* (ECF No. 3) is granted.

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 3-1)

2

is granted.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of

this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: April 9, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE