**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Mia Christman,

    Petitioner,

v.

State of Nevada, et al.,

    Respondents.

Case No.: 2:23-cv-01695-GMN-NJK

**Order**

Petitioner Mia Christman filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. Respondents move to dismiss the Amended Petition as untimely and to dismiss Grounds 1 and 2 as unexhausted in part. For the reasons discussed below, the Court denies Respondents' Motion to Dismiss.

## I.  Background

Christman pled guilty to Robbery with Use of a Deadly Weapon and Stop Required on Signal of Police Officer. The state district court entered the judgment of conviction in July 2017 and sentenced Christman to an aggregate term of 10 to 30 years. On November 19, 2018, the Nevada Court of Appeals affirmed. On June 24, 2019, Christman filed a state post-conviction habeas Petition, which the state district court granted. In August 2022, the Nevada Supreme Court, however, reversed and remanded on appeal finding that the state district court erred. The Nevada Supreme Court denied Christman's Petition for Rehearing and denied *en banc* reconsideration.

On remand, the state district court scheduled a second evidentiary hearing. On January

25, 2023, the State filed a Petition for Writ of Mandamus, which the Nevada Supreme Court granted on October 12, 2023, directing the state district court to vacate its evidentiary hearing and enter judgment in favor of the State.  The State filed motions with the Nevada Supreme Court seeking enforcement of the Writ of Mandamus, but the Nevada Supreme Court rejected the State's motions because the State failed to initiate contempt proceedings. The Nevada Supreme Court ordered reassignment of the postconviction habeas case to a new state district court judge because the Nevada Supreme Court was "not convinced the respondent district court judge [would] comply." ECF No. 34-5 at 4.

On May 6, 2024, following reassignment to a new state district court judge, the state district court entered judgment in favor of the State and vacated the order granting Christman's state habeas Petition.  The state district court ordered Christman to surrender to the Nevada Department of Corrections on May 7, 2024.

On October 18, 2023, Christman initiated the instant federal habeas proceedings *pro se*. ECF No. 1.  Following appointment of counsel, on January 2, 2025, Christman filed an Amended Petition. ECF Nos. 6, 20.

**II.    Discussion**

    **a.    Timeliness—AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review.  *Id.* § 2244(d)(1)(A).

The AEDPA limitations period is tolled while a "properly filed" state postconviction proceeding or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 1 (2000); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (an untimely petition is not "properly filed").

If an application for collateral review tolls the one-year period of limitations, the application remains pending "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).  While the ordinary state collateral review process is in continuance, an application is pending under § 2244(d)(2). *Id.*  Section 2244(d)(2) interacts with state procedural rules by considering whether the collateral review process of the state in which the matter is pending is in continuance. *Id.*  When a court applies a federal statute that interacts with state procedural rules, it must look to how the state procedure functions. *Id.* at 223.

### b.  Christman's Federal Petition is Timely

The parties agree that the AEDPA statute of limitations began running on February 19, 2019.[1]  Christman's state habeas Petition was filed on June 24, 2019, tolling the AEDPA clock.  As a result, 125 days elapsed between the finality of judgment and the filing of Christman's state habeas Petition.  The remaining 240 days of the AEDPA limitations period were statutorily tolled during the pendency of all proceedings related to the state habeas petition.

Respondents argue that Christman's Petition should be dismissed as untimely because the Nevada Supreme Court issued remittitur, reversing and remanding the state district court's grant

---

[1] Respondents first argued the one-year time period began running on February 17, 2019, but then conceded in their reply that February 17, 2019, was a Sunday, finality did not attach until February 19, 2019. ECF No. 50 at fn 2.

of habeas relief, and resolved Christman's state habeas Petition on January 17, 2023. They assert because Christman filed her original federal habeas Petition 274 days later, on October 18, 2023, her federal habeas Petition is untimely.

Christman argues that the state habeas postconviction proceedings were ongoing as she remained out of custody pursuant to the state district court's order granting habeas relief and releasing her on bond. She asserts that the state habeas Petition was not resolved until May 6, 2024, when the state district court entered judgment in favor of the State and vacated the order granting Christman's state habeas Petition.

Although the state appellate court reversed and remanded the state district court's grant of habeas relief on January 17, 2023, the state district court did not comply with the appellate court's instructions and Christman's state habeas Petition did not achieve final resolution until May 6, 2024. Respondents argue that the state district court's Writ of Mandamus proceedings are not part of the collateral review of a judgment of conviction under Nevada law. Respondents' argument is not persuasive because Christman's state habeas Petition remained pending until the state district court's order entering judgment in favor of the State and vacating the order granting Christman's state habeas Petition.

As such, the AEDPA clock started on May 7, 2024, and expired 240 days later on January 2, 2025. Because Christman's original *pro se* federal habeas Petition was initiated on October 18, 2023, and her counseled Amended Petition was filed on January 2, 2025, Respondents' Motion to Dimiss Christman's Petition as untimely is denied.

### c. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion

requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")).  "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

### i.  Ground 1 is Exhausted.

In Ground 1, Christman alleges that the state district court violated her Sixth Amendment right to counsel when it failed to properly consider and decide her motion to terminate her counsel before she pled guilty. ECF No. 20 at 13.  Respondents argue that Ground 1 is partially

unexhausted because Christman failed to provide the Nevada Court of Appeals with the transcripts from hearings.  Respondents assert that under *Cullen v. Pinholster*, 563 U.S. 170 (2011), federal habeas review should be limited to the state court record for each ground for relief as presented to the Nevada appellate court.

Christman contends that all of the records at issue are nonetheless a part of the state court record.  She further argues that Ninth Circuit precedent determined that *Pinholster* does not forbid a federal court from considering evidence that was not presented to the state appellate court if that evidence has been presented to the state district court. *Jamerson v. Runnels*, 713 F.3d 1218, 1226-27 (9th Cir. 2013).

The Court finds that Christman's current allegations do not render Ground 1 unexhausted because they do not fundamentally alter or strengthen her claims.  Christman relies on the same evidence presented to the state court and state appellate court.  While the state appellate court was not provided with a copy of transcripts on appeal, current Ninth Circuit law is clear that the record that must be considered on federal habeas review, while applying deferential review under AEDPA, consists of all material in the lower court record, even if not actually in the appeal record. *See McDaniels v. Kirkland*, 813 F.3d 770, 780-81 (9th Cir. 2015) (*en banc*); *Jamerson*, 713 F.3d at 1226-27.  For these reasons, the Court finds that Ground 1 is exhausted.

### ii.   Ground 2 is Exhausted.

In Ground 2, Christmas alleges that trial counsel rendered ineffective assistance for failure to present significant mitigating evidence at sentencing. ECF No. 20 at 17.  Respondents argue that Ground 2 is partially unexhausted because Christman failed to provide the Nevada Supreme Court with the Las Vegas Metropolitan Police Department (LVMPD) police report or LVMPD probable cause arrest documents. ECF Nos. 23-1, 23-2.  Respondents assert that

*Pinholster* bars the Court from considering the LVMPD police report and probable cause arrest documents because those records were not included by Christman in the record before the Nevada Supreme Court.

Christman asserts that the probable cause records are part of the state court record. Although the LVMPD report does not appear to be part of the state court record, Christmas provides that she cited to the LVMPD report for context only and it is not essential to the claim's resolution.

Similar to its reasoning in Ground 1, the Court finds that the records do not fundamentally alter or place Ground 2 in a significantly different or stronger evidentiary posture than it was when the Nevada courts considered it. Although the LVMPD report appears to have been presented to this Court in the first instance, it merely provides additional details of uncontested fact that Christman was directed by her co-defendant to arrange the robbery and was not present when the victim was assaulted. The addition of the LVMPD records do not render Christman's claim unexhausted. The Court finds that Ground 2 is exhausted.

To the extent that any of the factual arguments in the records were not properly developed in state court in accordance with the Supreme Court's decision in *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022), the Court at this time does not determine whether any of such material will ultimately be admissible under 28 U.S.C. § 2254(e) to support Christman's claims. Further, the Court does not make any comment about the merit of any of her claims. These issues will be addressed in due course.

### d. Ground 1 is Not Barred Under *Tollett*.

In *Tollett v. Henderson*, the Supreme Court of the United States held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense

7

with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973).  A petitioner may only attack the voluntary and intelligent nature of the guilty plea. *Id.*

An exception to this general rule is "that a habeas petitioner may 'attack the voluntary and intelligent character of the guilty plea' based on pre-plea ineffective assistance of counsel 'by showing that the advice he received from counsel was not within the 'range of competence demanded of attorneys in criminal cases.'" *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017) (citing *Tollett*, 411 U.S. at 267-69).  The Court in *Mahrt* clarified that this exception to the *Tollett* bar is not limited to incompetent advice from counsel and extends to instances in which "the action, or inaction of counsel prevent[ed] petitioner from making an informed choice whether to plead." *Id*.

In Ground 1, Christman alleges that the state district court violated her Sixth Amendment right to counsel when it failed to properly consider and decide her motion to dismiss counsel before she entered her guilty plea.  "Given the commands of Sixth Amendment jurisprudence, a state trial court has no discretion to ignore an indigent defendant's timely motion to relieve an appointed attorney." *Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000).  It is arguable that Christman alleges that the state district court's failure to consider her motion to dismiss counsel undermined her ability to knowingly and voluntarily plead guilty.  Under those circumstances, *Tollett* would arguably not bar Christman's claim asserted in Ground 1.  The Court does not grant Respondents' Motion to Dismiss Ground 1 as barred by *Tollett* at this stage of the proceedings.  After the parties have addressed Ground 1 on the merits, the Court may revisit this

issue if Respondents raise it in their Answer.  At this point, however, Ground 1 is not dismissed as barred by *Tollett*.

**III.   Conclusion**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 36) is DENIED. Respondents may reassert their argument that Ground 1 should be dismissed as barred under *Tollett* in their Answer.

It is further ordered that Respondents have until April 27, 2026, to file and serve an Answer addressing the claims in Christman's Amended Petition.

It is further ordered that Christman will have 30 days from the date of service of the Answer to file and serve a Reply.

DATED:    February 25, 2026

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE